**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LUIS MIRANDA<br>5601 N. Central Avenue<br>Chicago, IL 60646 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff,<br>v. | :<br>:<br>: | No. _____ |
| CASTLE CREDIT CO. HOLDINGS, LLC<br>20 N. Wacker Drive, Ste. 2275<br>Chicago, IL 60606<br>and<br>GREAT AMERICAN FINANCE<br>HOLDINGS, LLC<br>20 N. Wacker Drive, Ste. 2275<br>Chicago, IL 60606<br>and<br>THIRD LAKE PARTNERS, LLC<br>1600 E. 8th Avenue, Ste. A-132<br>Tampa, FL 33605<br>and<br>THOMAS ANDERSON<br>20 N. Wacker Drive, # 2275<br>Chicago, IL 60606<br>and<br>PETER FYNBOH<br>1600 E. 8th Avenue, Ste. A-132<br>Tampa, FL 33605 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendants. | :<br>: | |

**<u>CIVIL ACTION COMPLAINT</u>**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. <u>INTRODUCTION</u>**

1. This action has been initiated by Luis Miranda (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that he was not

paid wages or overtime compensation in accordance with applicable state and federal laws. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Plaintiff, at all relevant times, physically worked at 20 N. Wacker Drive, Ste. 2275, Chicago, IL 60606. His payroll, benefit administration, and tax-related information provided to him was by and through the corporation Castle Credit Co. Holdings, LLC (hereinafter "Defendant Castle").

8. Great American Finance Holdings, LLC (hereinafter "Defendant GAFH") is for all functional purposes merely *another name* within which Defendant Castle operates. More specifically:

(1) Defendant Castle in the past acquired Defendant GAFH;

(2) Defendant Castle management refer within the company to Defendant GAFH employees as also being employees of Defendant GAFH;

(3) Both Defendant Castle and Defendant GAFH are operated, managed, and overseen *from the same physical location* (where Plaintiff worked);

(4) The website of Defendant GAFH publicly lists the same Suite and workspace as Defendant Castle for its headquarters and operations;[1]

(5) The Office of the Illinois Secretary of State has registered on-line that Defendants Castle and GAFH operate from the same address *and operate under the exact same management*: "Thomas Anderson," "Adam Diekelman," and "Robert Forsythe."

(6) Information, advertising, resources, staff, and management overlap in the operation of Defendants Castle and GAFH.

9. Defendants GAFH and Castle are wholly the same exact business except that Defendants utilize a different name for one of their operations for client continuity optics, and to increase the size of the overall business appearance. They have joint operations, controls, and management. They are properly a single, joint and/or integrated enterprise for the purposes of this lawsuit.

10. Third Lake Partners, LLC ("Defendant Third Lake") is a venture capital firm. Often times venture capital firms are not sufficiently involved with operations of an employee's business to be construed as a joint employer. However, that is not the case with Defendant Third Lake, as this entity elected to take a very active role in management within Defendants GAFH and Castle creating clear liability of Defendant Third Lake.

---

[1] *See* https://www.gafco.net/content/contact.cfm

3

11. In particular, Peter Fynboh (hereinafter "Defendant Fynboh") is a Vice President and high-level executive manager overseeing all aspects of Defendant Third Lake. Defendant Third Lake is in all respects a joint employer of Plaintiff. In particular:

(1) Defendant Fynboh is <u>also</u> the Director of Operations within Defendants Castle and GAFH *as an employee of Defendant Third Lake*;

(2) Defendant Fynboh sets company policies, standards, and expectations within Defendants Castle and GAFH;

(3) Defendant Fynboh directly oversees, manages, and addresses employee compensation including for that of Plaintiff. Indeed, he discussed all aspects of Plaintiff's compensation with Plaintiff, docked Plaintiff's compensation, and discussed other compensation expectations of Defendants with regard to Plaintiff. Defendant Fynboh is so directly involved with direct management of employees of Defendants Castle and GAFH that he even directed specific work expectations and quotas of Plaintiff; and

(4) Defendant Third Lake is based in Tampa, Florida (where all Defendants are incorporated and headquarted). All employees of Defendants Castle and GAFH are told that Defendant Third Lake is their business headquarters, that issues have to be run by management or legal therein, and they are told they are also Defendant Third Lake employees.

12. Defendant Thomas Anderson ("Defendant Anderson") is the Chief Executive Officer ("CEO") of Defendants Castle and GAFH. He oversees all aspects of operations, compensation, and employee matters within the physical location of Plaintiff.

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Defendants collectively operate as an enterprise at 20 N. Wacker Drive, Ste. 2275, Chicago, IL 60606 (based in Florida). This enterprise does business as "Castle Credit" and/or "Great American Finance."

16. The enterprise operated by Defendants engages primarily within what it refers to as "Consumer Finance Solutions," offering financing for home improvements, home sales, water treatment, and other consumer needs. After extending credit to consumers at significant cost(s) and interest(s), the enterprise engages in aggressive and continuing collection efforts to ensure maximum profit. Plaintiff, as explained more below, focused on collection effort for Defendants.

17. Plaintiff was hired by Defendants effective on or about February 3, 2009; and in total, Plaintiff has *and continues* to work for Defendant for in excess of 11 years.[2]

18. Because state and federal law(s) applicable herein permit a recovery for a look-back of <u>3 full years</u>,[3] Plaintiff *only identifies his job and duties during the last 3 years*. In particular, for the last 3 years Plaintiff:

(1) Has worked for Defendants as a Collector;

(2) Has engaged in the practice, duties, and focus of contacting as many clients / consumers has possible, collecting upon owed debt, and ensuring payment or arrangements;

(3) Has received commissions for his service of debt collection, as are used generally with account or debt collectors nationwide; and

(4) Has been continually pressured to collect more and more debt(s) owed by consumers and has even had his compensation docked at the direction of Defendant Fynboh when it was believed Plaintiff did not work hard enough or make enough calls (despite no policy on the number of calls being required).

---

[2] Defendants are successors who acquired the original business Plaintiff worked within many years earlier.

[3] Plaintiff was not properly paid for overtime compensation prior to the last 3 years, but in light of the applicable statute of limitations - - all allegations herein only pertain to his last 3 years. Plaintiff's references herein to duties, management, and other aspects of his job for a 3-year timeframe **should not** be construed therefore as only starting 3 years earlier.

19. It is indisputable that Plaintiff is a debt and/or account collector and engages in the primary duties of debt collection each day, every day, and has done so for the last full 3 years.

20. Plaintiff is managed in the workplace by Alphia Crystal (an immediate supervisor), Defendant Fynboh (a Director of Operations), and Defendant Anderson (the CEO). Each of these managers exercise(s) control over Plaintiff's work, duties, performance, and instruct him, control his pay and terms of employment, and direct other aspects of his employment as well.

21. Plaintiff has for the last 3 years averaged working **at least** 65-70 hours per week, or stated another way, **at least** 25-30 hours of overtime per week.

22. Plaintiff works in a very high-pressure, debt-collection work environment with continued management pressure to collect, collect, and to collect. As a result, Plaintiff arrives very early in the mornings and generally works until 7 PM – 10 PM (to ensure all work is performed and maximum collections). *In addition to working a minimum of 10-12 hours per day, Plaintiff also works on many Saturdays and/or Sundays*.

23. Plaintiff is by any standard, a star performer for Defendants. Plaintiff collects millions of dollars for Defendants, and he objectively works harder than any other collector within Defendants.

24. Plaintiff has however been paid unlawfully throughout his tenure under state and federal laws. Plaintiff doesn't manage employees, doesn't perform management duties, and he doesn't perform any duties that could plausibly be exempt under state or federal law(s). In fact, all Courts around the United States to address debt-collection duties **have *all* agreed** that an

employees' entitlements to overtime compensation have been violated (simply granting affirmative summary judgment to such employees).[4]

25. ***All other similarly situated debt-collector to Plaintiff are paid on an hourly basis***, but Plaintiff ostensibly fell through the proverbial cracks because he was such a long-term employee predating Defendants' acquisition of Plaintiff's prior business. Defendants nonetheless

---

[4] In *Oliva v. Infinite Energy, Inc*., 2012 U.S. Dist. LEXIS 190519 (N.D. Fla. 2012), the Court granted summary judgment to plaintiff, a "Delinquent Account Collector," who was responsible for contacting commercial or residential customers on behalf of clients of the employer and establishing repayment plans and advising customers about potential debt-resolution options. The court explained no state or federal exemptions from overtime apply to an employee whose duties generally involve debt collection. *Id*. at * 10. **The Court in Oliva further explained "no court . . . has concluded that collecting accounts or time spent on telephone collections is [exempt] administrative work" or can meet any exemption in the United States**.

In *Parker v. ABC Debt Relief, Ltd*., 2013 U.S. Dist. LEXIS 12859 (N.D. Tex. 2013), the Court granted plaintiffs' nationwide summary judgment motion of a collective action on behalf of ***all similarly situated employees for 2 classes of employees*** including: (1) customer service debt resolution consultants; and (2) negotiators for debt resolution. In granting summary judgment, the court explained debt-collection duties are non-exempt under state or federal law from overtime and can't even arguably pertain to any management or administrative exemption.

In *Haber v. Americana Corp*., 378 F.2d 854 (9th Cir. 1967) several employees in the collections department of an encyclopedia sales company sued for overtime compensation under the FLSA. The plaintiffs were described as follows by the Ninth Circuit:

> In its Beverly Hills office Americana maintained a collection department to stimulate collections on accounts receivable. During 1963 and early 1964 appellants were employed in the collection department in various capacities. Some of appellants were telephone men, whose job was to call persons whose accounts were delinquent and urge payment. Other appellants were 'area supervisors', whose functions, *inter alia*, included supervision of telephone men in their area.
>
> *Id*. at 855.

The Ninth Circuit in *Haber* explained that even though employees of the employer were **<u>referred to as "area supervisors,"</u>** most of their work was still collections, which cannot possibly fall under any FLSA exemption. *Id.* at 857.

In *Kluss v. Credit Exch. Corp*., 2011 U.S. Dist. LEXIS 157501 (C.D. Cal. 2011), the Court granted summary judgment to a class of plaintiffs who worked for the employer as debt consultants. The Court explained the plaintiffs called over 100 clients per day, were given production goals, and were paid by commission. *Id*. at **2-3. In finding clear FLSA violations for unpaid overtime, the Court rejected the applicability of any potential exemption explaining employees did not hire or terminate employees, had no say in what services the company chose to offer, and did nothing related to internal management. In conclusion, any employee performing general debt collection for a company is non-exempt and entitled to overtime. *Id*.

completely failed in their legal obligations to properly classify Plaintiff as non-exempt under state and federal overtime laws (upon acquisition or thereafter).

26. Plaintiff has and continues to be paid a $3,000.00 bi-weekly salary (totaling approximately $79,000.00 per year). Plaintiff has generally earned $95,000.00 - $110,000.00 per annum with commissions included in his compensation structure.

27. State and federal (FLSA) regulations are <u>very clear</u> that incentive plans, commissions, or non-discretionary bonuses ***must be included within the overtime calculations***. *See* 29 C.F.R. § 778.200, 29 C.F.R. § 778.208 and 29 C.F.R. § 778.117. Plaintiff should have, and never was, paid overtime based upon his approximate $100,000.00 per year annual income.

28. Plaintiff's hourly rate for a 40-hour workweek should have been approximately $45.00 per hour - $50.00 per hour depending upon each year of lookback, rendering his overtime rate at time and one half <u>approximately $72.00 per hour</u>.

29. Plaintiff has worked far in excess of 3,900 hours in uncompensated overtime for Defendants within a 3-year lookback. Plaintiff is owed in excess of $290,000.00 in unpaid overtime compensation (in a 3-year lookback).

30. Every employer in the United States knows (or should know) that employees who perform primarily collections duties such as Plaintiff are non-exempt. Defendants took advantage of, exploited, and worked Plaintiff excessively attempting to get away with paying at most $18.00 - $22.00 per hour for his work with potential commission incentives. This is point-blank illegal.

31. Defendants' knowing violations of state and federal laws are further evidenced by: (a) employees other than Plaintiff (performing similar duties) being entitled to overtime pay; (b) Defendants' intentional failure to maintain any time-keeping records, punch-in or punch-out

8

logs, or other data on minutes or hours worked by Plaintiff (as Plaintiff unlike others did not have his time worked tracked);[5] (c) Defendants **falsely** identified that Plaintiff only worked 80 hours every 2 weeks on his payroll, regardless of whether Plaintiff worked an average of 130- 140 hours per bi-weekly period; and (d) Defendants never reclassified Plaintiff's role to non- exempt for economic benefit and exploitation despite having years to do so post-acquisition of Plaintiff's prior business-employer(s).

32. Plaintiff is also entitled to liquidated damages, doubling the approximate $300,000.00 (or more) in overtime he owed. Such double damages are considered **the "rule"** in the Seventh Circuit.[6]

---

[5] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

[6] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, **they are considered the norm** and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Compensation)
- Against All Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was not properly paid for all owed overtime, as outlined *ad nauseum supra*. Defendants' actions were willful, reckless, and lacking in any plausible good faith.

35. Defendants meet all criteria to be an employer or enterprise, collectively or individually, under the FLSA.[7]

36. Such actions as aforesaid constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

## Count II
### Violations of the Illinois Minimum Wage Law, 820 ILCS 105 *et. seq.*
(Failure to Pay Overtime Compensation)
- Against All Defendants -

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute indefensible violations of the Illinois Minimum Wage Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

---

[7] Individual management can be personally sued under the FLSA as well. *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages are appropriate defendants under the FLSA and may be individually liable for such violations).

10

B.	Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all wages and/or overtime pay Plaintiff would have received had it not been for Defendants' wrongful and illegal actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.	Plaintiff is to be awarded liquidated damages as permitted by applicable law;

D.	Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E.	Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.	Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**GIORGI & BONOMO, LLC**

_____
Anthony J. Bonomo, Esq.
444 N. Michigan Ave.
Suite 1200
Chicago, IL 60611
Direct: 312-300-4868
Cell: 708-269-6200
Fax: 312-300-4904
anthony@gb-lawyer.com

Dated: August 28, 2020